UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT COVINGTON

**CIVIL ACTION NO. 2006-227 (WOB)**

**ROBERT CRAIL**                                              **PLAINTIFF**

**VS.**                    **MEMORANDUM OPINION AND ORDER**

**BEST BUY CO., INC.**                                        **DEFENDANT**

This matter is before the court on the motion of defendant to dismiss (Doc. #11), plaintiff's opposition thereto, and defendant's reply.

The court heard oral argument on this motion on Thursday, September 6, 2007. Colleen Hegge, John M. Levy, Nicole Lundrigan, and Richard Wayne represented the plaintiff. Anne M. Lockner and Anthony Osterlund represented the defendant. Official court reporter Joan Averdick recorded the proceedings.

Having heard the parties, the court now issues the following memorandum opinion and order.

*Factual and Procedural Background*

On February 8, 2003, plaintiff Robert Crail purchased a digital television and DVD player from defendant Best Buy Co., Inc. at its store in Springdale, Ohio. Plaintiff also purchased from Best Buy a warranty known as the "Performance Service Plan" ("the Plan") to cover both products. The store receipt reflecting these purchases indicates that the Plan would last

four (4) years from the date of purchase.  (Exh. D to Complaint)

Plaintiff also received at the time of his purchase a Plan Brochure describing the Plan's terms and conditions.  (Exh. A to Complaint)  The brochure sets forth the terms and conditions of the Plan and contains four statements of note:

> (1) On the front page, the brochure states: "This is a legal contract.  By purchasing it, you understand that it is such a contract and acknowledge that you have had the opportunity to read the Terms and Conditions set forth herein.";
>
> (2) At the beginning of the "Terms Conditions" section, the brochure states: "The sales receipt containing the length of the service contract, commencement date and product identification constitute the entire agreement.";
>
> (3) Under "Service and Coverage," the brochure states: "Products, including those within the original manufacturer's warranty period, may be repaired or replaced with a comparable product, or we will issue a voucher for the original purchase price at our discretion."; and
>
> (4) In the section titled "General Exclusions," the brochure states: "**This Plan is fulfilled when a product is replaced after the expiration of the manufacturer's warranty.**"

(*Id.*) (emphasis added).

In May 2006, plaintiff's television malfunctioned and he brought it back to Best Buy.  Best Buy elected to replace the TV rather than repair it.  In conjunction with this replacement, Best Buy notified plaintiff that it was terminating the warranty coverage under the Plan and that plaintiff would have to purchase a new Plan in order to have coverage for the replacement TV.  Best Buy refused to reimburse plaintiff for the remainder of the original warranty term.  Plaintiff purchased a new warranty Plan

on May 20, 2006.

On November 29, 2006, plaintiff filed a class action complaint in Kenton Circuit Court alleging that Best Buy's "premature" termination of the warranty coverage in conjunction with the "replacement in lieu of repair" feature of the Plan is unlawful. Specifically, plaintiff alleges: (1) breach of contract; (2) violation of the Ohio Deceptive Business Trade Practices Act, O.R.C. 4165.01, et seq.; (3) violation of the Kentucky Deceptive Business Practice Act, KRS 517.020, et seq.; (4) violation of the Ohio Consumer Sales Practices Act, O.R.C. 1345.01, et seq.; and (5) violation of the Kentucky Consumer Protection Act, KRS 367.120, et seq. The complaint seeks declaratory and injunctive relief, compensatory damages, treble damages, and attorneys' fees.

On December 28, 2006, Best Buy removed the case to this court, pursuant to the Class Action Fairness Act of 2005 ("CAFA"), alleging that the proposed class exceeds one-hundred (100) persons, that the total aggregated amount in controversy exceeds $5,000,000, and that minimal diversity exists between the parties.

Plaintiff filed a motion to remand, and defendant filed a motion to dismiss. Briefing on the motion to dismiss was stayed pending resolution of the motion to remand. Plaintiff withdrew his motion to remand prior to any hearing on it, and the parties

thereafter completed briefing on the motion to dismiss, which is now ripe.

## *Analysis*

### A.   <u>The Parties' Contract</u>

The threshold issue in this matter is what documents comprise the parties' contract and thus what the terms of their agreement are.

"It is well settled that the interpretation of contracts is an issue of law for the court to decide." *Equitania Ins. Co. v. Slone & Garrett, P.S.C.*, 191 S.W.3d 552, 556 (Ky. 2006) (citation omitted). *See, e.g., Scheck Mechanical Corp. v. Borden, Inc.*, 186 F. Supp.2d 724, 729-30 (W.D. Ky. 2001) (holding that it is the duty of the court to determine whether terms of separate memorandum were part of parties' written construction contract).

Here, plaintiff argues that the parties' contract consists only of the Receipt that he was given at the time he purchased the television from Best Buy, while defendant asserts that the parties' agreement includes the terms and conditions set forth in the Plan Brochure.

Kentucky courts, both state and federal, have held that contracts must be construed as a whole and that all writings that are part of the same agreement should be construed together. *See Abco-Bramer, Inc. v. Markel Ins. Co.*, 55 S.W.3d 841, 845 (Ky. App. 2000) (reading performance bond and related contract

together to determine parties' obligations); *Veech v. Deposit Bank of Shelbyville*, 128 S.W.2d 907, 913 (Ky. 1939) ("Different instruments relating to and constituting a part of the same transaction may be interpreted together in determining the intention of the parties."); *Fidelity & Columbia Trust Co. v. Schmidt*, 53 S.W.2d 713, 718 (Ky. 1932) (similar).  *See also Scheck Mechanical Corp. v. Borden, Inc.*, 186 F. Supp.2d 724, 729-30 (W.D. Ky. 2001) (construing together separate memoranda to determine terms of parties' agreement).

Here, plaintiff does not dispute that, at the time of his purchase, he was given not only the Receipt but also a copy of the Plan Brochure.  The Receipt identifies only the purchaser, products purchased, date of purchase, and beginning date of the Plan.  (Exh. D to Complaint)  It is only upon review of the Plan Brochure that one can determine the actual terms and conditions of the Plan.  (Exh. A to Complaint)  Indeed, plaintiff alleges in his complaint:

> When a consumer purchases a product and Performance Service Plan, <u>Best Buy sets forth the terms of the agreement constituting the Plan</u> and the length of the Warranty Term <u>with a sales receipt showing purchase of the Plan **and** a Performance Service Plan pamphlet</u> . . .

(Complaint ¶ 9) (emphasis added).  The complaint itself thus alleges that the Plan Brochure is part of the parties' contract.

Moreover, without the Plan Brochure, it is impossible to determine the parties' respective rights and obligations under

5

the Plan.  The brochure consists of four pages which set out in detail the nature of the coverage provided thereunder, including: service and coverage; product specific benefits; preventive maintenance checks; "no lemon policy;" general exclusions; cancellation and renewal options; and specific state variations. (Exh. A to Complaint)  In fact, the cover of the brochure itself states: "This is a legal contract.  By purchasing it, you understand that it is such a contract and acknowledge that you have had the opportunity to read the Terms and Conditions set forth herein."  (*Id.*)

    Plaintiff cites the statement in the Plan Brochure that the "sales receipt containing the length of the service contract, commencement date and product identification constitute the entire agreement" to argue that the parties' agreement consists only of the Receipt.  The court does not find this argument persuasive.

    First, the argument is circular.  If the Receipt is the only pertinent document, then the court may not consult the brochure containing the cited statement.  Second, read in context, it is clear that this statement merely links the terms and conditions set forth in the brochure to the specific document that identifies the purchaser and product covered by the Plan.  If one had only the Plan Brochure to consult, one could not even determine who the purchaser of the Plan was, what product it was

6

purchased to cover, or when the Plan commenced. Again, it is only when the two documents are construed as a whole that all relevant components of the parties' agreement are apparent.

As a matter of law, therefore, the court concludes that the parties' contract is unambiguous and consists of both the Receipt and the Plan Brochure.

    B.    **Breach of Contract**

Once one determines that the parties' agreement includes both the Receipt and Plan Brochure, it is clear that plaintiff's complaint does not state a claim for breach of contract.

As noted, the Plan Brochure states explicitly as follows:

> Products, including those within the original manufacturer's warranty period, may be repaired or replaced with a comparable product, or we will issue a voucher for the original purchase price at our discretion.

(Exh. A to Complaint at 3)

It further states:

> This Plan is fulfilled when a product is replaced after the expiration of the manufacturer's warranty.

(Exh. A to Complaint at 4)

Thus, although the general term of the Plan that plaintiff purchased was four years, these provisions unambiguously inform the purchaser that: (1) it is within Best Buy's discretion to determine whether to repair or replace a product, and (2) if the product is replaced after the manufacturer's warranty has expired, then the Plan is fulfilled.

7

Here, it is undisputed that plaintiff received the benefit of this bargain. Once the manufacturer's warranty had expired, his right to <u>any</u> further repair or replacement arose solely out of the terms of the Best Buy Plan. And, indeed, plaintiff received the benefit of that bargain: a new digital television valued at $1,500. This is not disputed.[1] Nowhere in the Plan are there contrary terms that imply that any further coverage applied once such replacement occurred.

Plaintiff's reliance on *Schacter v. Circuit City Stores, Inc.*, 433 F. Supp.2d 140 (D. Mass. 2006), in support of his breach of contract claim is thus misplaced. There, it was undisputed that the plaintiff did <u>not</u> receive a copy of the document which contained the provision stating that the Plan terminated either at the end of its stated term or earlier when a claim was "satisfied" by reimbursement or replacement. *Id.* at 142. Thus, the trial court held that the complaint survived a motion to dismiss.

In contrast, here it is undisputed that plaintiff received a copy of the Best Buy Plan Brochure at the time of his purchase expressly informing him of these terms of the Plan.

For these reasons, therefore, plaintiff's complaint fails to state a claim for breach of contract.

---

[1] For example, plaintiff has not pleaded that the replacement television was of inferior quality or otherwise not a suitable replacement for the television he originally purchased.

**C. <u>Ohio Deceptive Business Trade Practices Act</u>**

Count Two of the complaint alleges a violation of the Ohio Deceptive Trade Practices Act, O.R.C. 4165.01, et seq ("ODTPA"). This Act governs deceptive trade practices and "generally regulates trademarks, unfair competition, and false advertising." *Dawson v. Blockbuster, Inc.*, No. 86451, 2006 WL 1061769, *3 (Ohio App. Mar. 16, 2006) (citation omitted).

The parties dispute whether consumers, as opposed to commercial entities, have standing to bring suit under this Act. Some cases support defendant's position that they do not. *See Dawson*, 2006 WL 1061769, at *4; *Glassner v. R.J. Reynolds Tobacco Co.*, No. 5:99CV0796, 1999 WL 33591006, *6 (N.D. Ohio June 29, 1999) (holding that ODTPA "governs conduct between commercial entities, not between a commercial entity and a consumer").

Cases cited by plaintiff, however, appear to permit consumers to bring claims under the ODTPA without discussing the issue of standing. *See, e.g., Popovich v. Southern Park Pontiac & Subaru, Inc.*, 704 N.E.2d 286, 292 (Ohio App. 1997).

However, even if plaintiff has standing to sue under the ODTPA, this claim must be dismissed. In order to prove a violation of the Act, "it must be shown that the representation was in fact false or misleading." *Id.* (citation omitted). As explained above, the Plan Brochure provided to plaintiff clearly explains that it is within Best Buy's discretion to determine

9

whether to repair or replace a broken product, and that if the product is replaced after the manufacturer's warranty has expired, the Plan is fulfilled. On the face of the complaint, therefore, plaintiff has shown no false or misleading representation.[2]

### D.  Kentucky Deceptive Business Practices Act

KRS 517.020, a penal statute, makes it a Class A misdemeanor for a person to engage in "deceptive business practices." KRS 446.070 provides a private right of action to a person injured by a violation of such statutes.

While plaintiff would appear to be within the class of persons afforded a cause of action for violation of this statute, the claim fails for the reasons already stated. The only possible section of the Act implicated by plaintiff's allegations would be the part that makes it illegal to sell or deliver "less than the represented quantity of any commodity or service." KRS 517.020(1)(b). However, because of the clear disclosures contained in the Plan Brochure, Best Buy did not deliver less than what it represented it would deliver. To the contrary, it delivered exactly what it said it would: a replacement product. This claim too must be dismissed.

---

[2] In addition, it does not appear that the allegation of a misleading statement regarding the terms of the Plan even falls within the categories of "deceptive trade practices" enumerated in the ODTPA. *See* O.R.C. 4165.02(A).

### E. <u>Ohio Consumer Sales Practices Act</u>

Count Four of the Complaint alleges a violation of the Ohio Consumer Sales Practices Act, O.R.C. 1345.02, et seq. ("OCSPA"). This Act "prohibits unfair, deceptive, and unconscionable practices in consumer sales transactions." *Marrone v. Philip Morris USA, Inc.*, 850 N.E.2d 31, 33 (Ohio 2006).

The OCSPA contains specific pleading requirements. Relevant here is the requirement that a consumer who is seeking to pursue a class action for violation of the Act must plead that the defendant "acted in the face of prior notice that its conduct was deceptive or unconscionable." *Id.* at 34. Such notice must be in the form of a rule adopted by the Ohio Attorney General or a publicly-available court decision involving substantially similar conduct. *Id.* at 35-36. *See also Johnson v. Microsoft Corp.*, 802 N.E.2d 712, 720 (Ohio App. 2003) (discussing specific pleading requirements of OCSPA).

Here, although plaintiff purports to bring his claim under the OCSPA on a class basis, he has failed to plead that Best Buy acted in the face of any prior notice that its conduct was deceptive or unconscionable. Because the complaint is devoid of any such allegations, this claim must be dismissed. *Id.*

Moreover, for the reasons previously discussed, defendant engaged in no "deceptive or unconscionable" conduct in the promotion and sale of its Plan.

**F.** **Kentucky Consumer Protection Act**

Plaintiff's fifth and final cause of action arises under the Kentucky Consumer Protection Act, KRS 367.120, et seq. ("KCPA"). The KCPA declares unlawful acts or practices that are unfair, false, misleading, or deceptive. KRS 367.170. The Act requires "ascertainable loss of money or property" for actions brought thereunder. KRS 367.220(1).

Plaintiff argues that the prorated amount of the Plan term remaining after Best Buy terminated the Plan following its replacement of plaintiff's television constitutes an "ascertainable loss" under this Act. Accepting this as true, this claim nonetheless fails for the reasons already stated with respect to plaintiff's other claims. That is, defendant engaged in no false, misleading, or deceptive practice in promoting and selling the Plan.

Therefore, having heard the parties, and the court being otherwise sufficiently advised,

**IT IS ORDERED** that defendant's motion to dismiss (Doc. #11) be, and is hereby, **GRANTED**.

This 17th day of September, 2007.



Signed By:
*William O. Bertelsman*  WOB
**United States District Judge**

```
TIC: 16 min.
```